IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN W. BANOS | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-305 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner John W. Banos, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the decision of the Texas Board of Pardons and Paroles to deny Petitioner release on parole.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Procedural History

Petitioner is in custody pursuant to a judgment entered in the 354th Judicial District Court of Hunt County, Texas. On February 7, 1990, a jury found Petitioner guilty of the offense of aggravated sexual assault, and Petitioner was sentenced to sixty years of imprisonment. In related cases, Petitioner was sentenced to ten years of imprisonment for unauthorized use of a motor vehicle and thirty years for aggravated kidnaping.

Petitioner has been reviewed for parole on several occasions. Most recently, the Texas Board of Pardons and Paroles (Board) reviewed his case in 2020. On December 7, 2020, the Board decided not to grant Petitioner parole based on findings that Petitioner has repeatedly committed criminal

offenses, the nature of the offense indicates that Petitioner poses a continuing threat to public safety, and Petitioner had previous unsuccessful period of supervision.

On May 29, 2023, Petitioner filed a state application for habeas relief challenging the Board's decision to deny him release on parole. The application was denied without written order on July 26, 2023.

## Analysis

Petitioner is not entitled to habeas relief unless he has been deprived of a right secured to him by the United States Constitution or the laws of the United States. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A prisoner does not have a constitutional right to release before the expiration of his sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Parole decisions are necessarily subjective and predictive because there is no error-free way to make parole-release decisions. *Id.* at 13. Further, Texas law does not create a right or a constitutional expectancy of release on parole because parole decisions are within the unfettered discretion of the State. *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). As a result, procedural or substantive due process claims arising from the denial of parole are not cognizable in a federal habeas petition. *Robinson v. Lumpkin*, No. 20-10745, 2021 WL 6550474, at *1 (5th Cir. Sept. 30, 2021) (unpublished).

Because Petitioner does not have a constitutionally-protected right to release on parole, this Petition for Writ of Habeas Corpus should be denied.

## Recommendation

This Petition for Writ of Habeas Corpus should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 25th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE